UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

        Plaintiff,

v.                                                     Case No. 06-C-0068

JOHN KUSSMAUL, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

        Plaintiff Rufus West, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff also makes various state law claims. Plaintiff is currently incarcerated at the Wisconsin Secure Prison Facility.

        Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $250.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed in forma pauperis in order to pay the fee over time. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's

trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $1.62.[2] Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the full statutory filing fee at this time. Leave to proceed in forma pauperis therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

[2] Plaintiff has actually paid $10.96 of his filing fee to date.

2

(1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff has filed a 37-page complaint that names 78 defendants against what plaintiff appears to see as at least 18 different claims. The complaint is replete with details not germane to plaintiff's claims. For example: "On 1-31-05, at mailcall, Brown deliberately ripped the corner of my legal letter off because it had a staple in it, instead of removing said staple -w- the staple remover." (Compl. ¶ 44.) Many of the claims also have no factual or legal relation to one another. For example, paragraphs 72 through 73 allege that Mary Wayne (Defendant #25) and Gerald Berge (Defendant #11) inhibited plaintiff from litigating two cases before the Wisconsin Supreme Court by denying him a legal loan on November 29, 2004. Paragraphs 239 through 244, by contrast, appear to state a claim for medical malpractice against one "Dr. Kurth" (Defendant #73) arising out of deficiencies in dental care provided on June 20, 2003.

As it stands, the complaint violates Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the

3

pleader is entitled to relief [and] a demand for judgment for the relief the pleader seeks."). The complaint also violates even the relatively liberal rules for permissive joinder of defendants in Fed. R. Civ. P. 20(a) ("All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."). When a complaint fails to satisfy the requirements of Fed. R. Civ. P. 8(a), an appropriate remedy is to dismiss the complaint but to give the plaintiff leave to re-plead. *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 649 n. 5 (7th Cir. 1997). The court will do so here. If plaintiff chooses to re-plead, he should set forth only the facts essential to his claims–which do not include, for example, the entire history of minor damage to his letters. Moreover, plaintiff should limit his claims in this case to those arising out of the same occurrence or series of occurrences and involving a common question of law or fact.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED.**

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $239.04 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that the complaint is dismissed, without prejudice, because it fails to set forth a short and plain statement of plaintiff's claims showing that plaintiff is entitled to relief.

**IT IS ORDERED, HOWEVER**, that plaintiff may file an amended complaint within thirty (30) days of the date of this Order. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings. *See* Civil L. R. 15.1. The plaintiff must file an original and two copies of the amended complaint.

Dated this   13th   day of February, 2006.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge