UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

        Plaintiff,

  v.                                                  Case No. 06-C-0068

JOHN KUSSMAUL, *et al.*,

        Defendants.

**ORDER**

Plaintiff Rufus West, a state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated at the Wisconsin Secure Program Facility. On May 31, 2006, the court entered an order dismissing some of plaintiff's claims pursuant to 28 U.S.C. § 1915A and permitting others to continue. Plaintiff has now moved for reconsideration of that order. For the following reasons, his motion will be denied.

A brief summary of plaintiff's complaint, and the court's screening order, will be helpful here. Plaintiff first alleged that various defendants retaliated against him for complaining about the temperatures in his cell by removing his mattress, electronically flushing his toilet, turning on his cell light for one hour, and writing conduct reports that led to plaintiff's temporary loss of phone, electronics, and recreation privileges, plaintiff's placement in segregation, and denial of parole. Plaintiff also alleged that various defendants put him on a behavior management program (BMP) that entailed exposure to extreme conditions and deprivation of the essentials of everyday living.

He claimed that these actions violated his due process rights, constituted illegal retaliation for the exercise of his constitutional rights to free speech and access to the courts, and amounted to cruel and unusual punishment. The court rejected plaintiff's due process claim because the alleged deprivations did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin v. Connor*, 515 U.S. 472, 486 (1995). It rejected his claim for denial of parole because such a claim may only be brought in a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The court also concluded that plaintiff's complaint revealed that his mattress was removed not as retaliation for the exercise of plaintiff's rights but as punishment for his failure to abide by institutional rules. The court permitted plaintiff to proceed on his claim that the BMP amounted to cruel and unusual punishment insofar as it exposed plaintiff to extreme temperatures. Finally, the court declined to exercise jurisdiction over plaintiff's state-law claims, which were not pled with sufficient specificity to give defendants notice of what they were.

Plaintiff points out on reconsideration that the court's statement that "his mattress was replaced with a seg. mat" (Order of May 31, 2006, at 10) is not entirely correct; in fact, the second time defendants removed plaintiff's mattress, they did not replace it with a seg. mat. While this may be true, removal of plaintiff's mattress, whether or not it was replaced by a seg. mat, did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486; *see also Stephens v. Cottey*, 2005 U.S. App. LEXIS 17639 (7th Cir. Aug. 11, 2005) (holding that total deprivation of bedding violated neither Due Process Clause nor Eighth Amendment). Accordingly, the court declines to reconsider its dismissal of this portion of the complaint.

2

Plaintiff also argues that the defendants' actions violated the Equal Protection Clause of the Fourteenth Amendment. This argument fails for the same reason as his retaliation argument; namely, because the complaint reveals that defendants' actions were motivated by plaintiff's disregard for prison policies. "[T]o make out a prima facie case [in a 'class of one' equal protection case] the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Byers v. Illinois State Police*, 2000 WL 1741723 at *3 (N.D. Ill. 2000). Plaintiff's complaint reveals that he will not be able to make that showing. While plaintiff alleges in his complaint that Defendant Haines (the Unit Manager in Echo Unit) gave him permission to lie on the floor on June 1, 2003 (Am. Compl. ¶ 4), the disciplinary actions of which plaintiff complains all took place either before or after that date. The court must infer that any permission given by Haines on June 1 either did not extend beyond that day or was withdrawn. Plaintiff's complaint also fails to state an equal protection claim because it does not allege that any other prisoners lay on the floor before or after June 1, 2003, but were not punished. Accordingly, the court declines to reconsider its order insofar as it dismissed any equal protection claim asserted by plaintiff.

Plaintiff finally contends that when the court declined to exercise supplemental jurisdiction over his state law claims, it should have transferred those claims to the Dane County Circuit Court rather than dismissed them. However, "a case that originates in federal court cannot be 'transferred' to state court." *Maher v. GSI Lumonics, Inc*, 433 F.3d 123, 125 (1st Cir. 2005). Accordingly, the court declines to reconsider its dismissal of plaintiff's state law claims.

3

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #11) is hereby **DENIED.**

Dated this 16th day of June, 2006.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

4

Case 1:06-cv-00068-WCG   Filed 06/16/06   Page 4 of 4   Document 13