# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

    Plaintiff,

    v.                                   Case No. 06-C-068

JOHN KUSSMAUL, GERALD BERGE,
PETER HUIBREGSTE, EGGERS, JOHNSON,
SGT. PATTON, MATTHEW FRANK, TIM HAINES,
SGT. HOTTENSTEIN, BRAD HOMPE, LAXTON,
MICKELSON, SCHISSEL, STEVE CASPERSON,
KEVIN POTTER, GARY BOUGHTON,
MICHAEL SNOTGRASS, C.O. JERGENS, HEDEMAN,
JOANNE GOVIER, ERIC HUNT, DR. ESCANDELL,
NICHOLAS FURER, and JOHN SHARPE,

    Defendants.

# ORDER

Rufus West, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated at the Wisconsin Secure Program Facility. On February 13, 2006, West was granted leave to proceed *in forma pauperis*, and his complaint was dismissed for failing to set forth a short and plain statement showing that he is entitled to relief. Subsequently, on March 2, 2006, West filed an amended complaint in an attempt to cure the deficiencies in his first pleading. On May 31, 2006, all of West's claims in the amended complaint were dismissed, except for an Eighth Amendment claim against defendants Haines, Berge, Escandell, Huibregste, and Boughton. On July 14, 2006, West filed a motion to amend his complaint, along with a proposed second amended complaint. As that complaint was only a

photocopy, I ordered it stricken under Fed. R. Civ. P. 11(a), which requires pleadings to be signed by the parties. In the interim, West has filed a properly signed second amended complaint (Docket 21, Attach. 1), and has submitted an explanation of the differences between his first and second amended complaints.[1] Because, as explained below, plaintiff's new allegations do not change the analysis or outcome of the May 31, 2006 order, plaintiff's motion to amend his complaint is denied.

In his proposed second amended complaint, West cites various Wisconsin statutes and one DOC regulation that defendants allegedly violated; he also alleges that the prison's Behavior Management Program (BMP) rule was improperly promulgated. Even if true, such violations do not, of themselves, state a claim for relief under 42 U.S.C. § 1983. Under § 1983, the plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Alleged violations of rights secured by state law or DOC regulations do not, by themselves, satisfy the pleading requirements under § 1983. It is for the State of Wisconsin, not a federal court, to determine what Wisconsin law or regulations require, absent some independent violation of the Constitution or federal law.

West has also added to his proposed second amended complaint the allegation that he was the only prisoner punished for lying on the cell floor to escape high temperatures. This additional information does not change the analysis or result given in the May 31, 2006 order. As I stated in that order, West has alleged facts that clearly demonstrate that the prison officials' conduct was not in retaliation for constitutionally protected conduct, but rather for his violation of prison rules,

---

[1] In my order of dismissal on August 2, 2006, I noted if plaintiff filed a properly signed amended complaint, a second screening should not be required, absent substantive differences in the complaints. Although no substantive differences appear, I will address the new allegations.

2

specifically his refusal to sleep in his bed. Given these alleged facts, whether or not West was the only prisoner punished is immaterial.

Another new allegation made by West is that while on BMP, he was fed only refrigerated snack lunches for meals. A prisoner's allegation that he was given cold or unpalatable food does not state a cognizable claim under § 1983 so long as he was adequately fed in terms of quantity and nutrition. *Boston v. Stanton*, 450 F. Supp. 1049, 1055 (W.D. Mo. 1978); *Ramos v. Lamm*, 520 F. Supp. 1059, 1064 (D. Colo. 1981). West has not claimed that the refrigerated snacks were deficient in any constitutionally recognizable manner, so this new claim is effectively dismissed as well.

West's request that he be appointed counsel is denied for the same reason given in the May 31, 2006 order, namely, that he has failed to provide any indication that he has unsuccessfully attempted to obtain legal counsel on his own.

West again asks this court to exercise supplemental jurisdiction over his state law claims. He alleges that prison officials violated numerous Wisconsin laws and the Wisconsin Constitution: Wis. Stat. §§ 227.10 and 227.11 (in that the BMP rule was allegedly improperly promulgated), Wis. Stat. § 302.08 (in that the prison officials allegedly failed to treat him with kindness), Wis. Stat. § 940.29 (in that the officials' conduct allegedly constituted abuse and ill treatment), Wis. Stat. § 946.12 (in that prison officials allegedly refused to perform their duties pursuant to state and federal law, and also allegedly went beyond their duties), Wis. Const. art. I, § 4 (in that defendants allegedly abridged plaintiff's right to petition the government via threats of retaliation), Wis. Const. art. I, § 6 (in that defendants' conduct allegedly constituted cruel and unusual punishment), and Wis. const. art. I, § 8 (alleged due process violation). Under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over state law claims so related to claims in action that they form

3

part of the same case or controversy. However, in the Seventh Circuit, district courts have discretion whether to retain or refuse jurisdiction over state law claims. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999). West's only surviving claim in this court is his Eighth Amendment claim that defendants Haines, Berge, Escandell, Huibregste, and Broughton subjected him to freezing temperatures while on BMP. West's state law claims would predominate over this lone § 1983 claim. *See* 28 U.S.C. § 1367(c)(2). This court therefore declines to exercise supplemental jurisdiction over West's numerous state law claims, which are dismissed without prejudice. He may bring his state law claims, including his request for injunctive relief, in state court.

**THEREFORE, IT IS ORDERED** that West's motion to amend his complaint is **DENIED**.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

4

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this ___5th___ day of October, 2006.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge