# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RUFUS WEST,

    Plaintiff,

    v.                                                              Case No. 06-C-068

JOHN KUSSMAUL, et al.,

    Defendants.

## ORDER

    Rufus West, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated at the Wisconsin Secure Program Facility. On January 9, 2007, he filed a motion to reconsider this court's screening order. In particular, he seeks reinstatement of claims he brought based on conditions of confinement in the Behavioral Management Plan (BMP) and the denial of a standard mattress. Defendants have not responded to his motion, and the time to do so has expired.

    Plaintiff bases his request on the Seventh Circuit's decision in *Gillis v. Litscher,* 468 F.3d 488 (7th Cir. 2006), in which the court found possible Eighth Amendment violations based on similar conditions in the BMP at the WSPF. The court also concluded that a jury could find the conditions in the BMP to be an atypical and significant hardship, which means the Due Process Clause is in play as well. *Id.* at 494. Although it may emerge that there were significant differences between Mr. Gillis' confinement and the plaintiff's – such as the temperature and the clothing allowed – it would be premature, at the screening stage, to dismiss the claims outright given the Seventh Circuit's holding in *Gillis*. Accordingly, the motion for reconsideration is GRANTED in

part, and the complaint will be construed to state a general due process and Eighth Amendment claim based on the entirety of the adverse conditions of confinement while West was in the BMP.

On further consideration, I also conclude that West should be allowed to proceed on his retaliation claims against the defendants. West avers that the defendants retaliated against him because he complained about the extreme temperatures in his cell and because of his litigious past. Prison officials cannot hinder prisoners from this access or retaliate against prisoners who attempt to exercise their constitutional rights. *Williams v. Lane*, 851 F.2d 867, 878 (7th Cir. 1988). Additionally, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would otherwise be permissible. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000)(citing *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988))("permissible conduct can become impermissible when done for retaliatory reasons.").

A plaintiff must plead three elements in order to state a claim for retaliation: he must "specif[y] a retaliatory action;" he must name the appropriate defendants; and he must "assert[] a constitutionally protected activity, the exercise of which caused the . . . retaliatory action." *Hoskins v. Lenear*, 395 F.3d 372, 275 (7th Cir. 2005). West has met this standard: he identified the flushing of his toilet, illumination of his cell, filing of false conduct reports, loss of privileges, and placement in segregation as the retaliatory actions; he specified the relevant defendants; and he invoked is constitutional right to use the prison grievance procedures. *See id.; Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("prisoner can sufficiently state a claim for relief when he alleges that prison officials issued baseless disciplinary tickets against him in retaliation for pursuit of administrative grievances."). West's allegation that only he was punished for placing his mattress on the floor

2

suggests that the disciplinary tickets he received for such conduct were baseless. Accordingly, West may proceed on his retaliation claim against all defendants.

The decision to resurrect the foregoing claims also means that the defendants as to whom I initially concluded West had failed to state a claim must be served with the summons and amended complaint. Accordingly, the U.S. Marshal Service will be directed to serve a copy of the summons and complaint, along with a copy of this order, upon those defendants not already served. A scheduling order will be entered at such time as all defendants who have been served have appeared and the time for service has expired.

Plaintiff has also moved for appointment of counsel, citing his inexperience with litigation, his unsuccessful attempts to find representation, and his indigence. As noted in my order of May 31, 2006, however, West is a seasoned litigator, having commenced more § 1983 cases than most practicing attorneys. Moreover, federal courts have no power to "appoint" counsel in a civil case – that is, unlike a criminal case, there are no funds or formal procedures by which the court may ensure that an indigent litigant is represented. Although in some cases a court may request that an attorney take a case on a *pro bono* basis, I do not find this to be an appropriate case for appointment of counsel at this time. At this stage, the law is fairly well-settled – *Gillis,* along with other cases, provide the framework for addressing the plaintiff's claims. Moreover, the plaintiff knows exactly what his conditions of confinement were, and therefore needs little assistance in gathering facts. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (citing factors a court should consider in appointing counsel). Plaintiff's motion seems to presuppose that *Gillis* will guarantee him a trial, but that is not necessarily true. If plaintiff does reach that point, however, the motion to appoint counsel may be renewed. At this time, though, the motion to appoint counsel will be denied.

3

Case 1:06-cv-00068-WCG   Filed 02/12/07   Page 3 of 4   Document 40

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration is granted and plaintiff may proceed on a due process and Eighth Amendment claim based on the entirety of the adverse conditions of confinement while West was in the BMP and his retaliation claim against all defendants. The United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants that have not already been served pursuant to Federal Rule of Civil Procedure 4. This includes defendants Kussmaul, Hompe, Frank, Sharpe, Mickelson, Johnson, Laxton, Snotgrass, Holtenstein, Potter, Jergens, Furer, Hedeman, Schissel, Govier, Hunt, Casperson, Eggers, and Patton.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is denied without prejudice, but may be reconsidered as the case proceeds.

Dated this   12th   day of February, 2007.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge